

U.S. Department of Justice

*Michael K. Loucks*
*Acting United States Attorney*
*District of Massachusetts*

---

Main Reception (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

October 13, 2009

Howard M. Cooper, Esq.
Todd and Weld
28 State Street
Boston, MA 02109

    Re:    United States v. Tai Trinh
            No. 07-cr-10048-WGY

Dear Mr. Cooper:

    This letter sets forth the Agreement between the Acting United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Tai Trinh ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-referenced Third Superseding Indictment: Count One (21 U.S.C. § 846 - Conspiracy To Distribute and Possess with Intent to Distribute Marijuana); Counts Four and Eleven (18 U.S.C. § 1956(h) - Money Laundering Conspiracy); Counts Five through Seven (18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering); and Counts Eight through Ten and Seventeen (18 U.S.C. § 1957 - Unlawful Monetary Transactions). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One, Counts Four through Eleven, and Count Seventeen of the Third Superseding Indictment, did so knowingly and intentionally, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant agrees that he has three previous valid felony convictions for controlled substance offenses: a May 1992 conviction for Possession of Class A Controlled Substance (Heroin), Dorchester District Court Case No. 92-03299; a November 1992 conviction for Possession of Class A Controlled Substance (Heroin) With Intent to Distribute, Dorchester District Court Case No. 92-07527; and a December 1994 conviction for Conspiracy to Distribute Heroin in violation of 21

U.S.C. § 846, U.S. District Court Case No. 94-10071-RWZ (D. Mass.). On May 14, 2009, the government filed an information with respect to Defendant's prior federal conviction pursuant to 21 U.S.C. § 851. In consideration of Defendant's acceptance of this Agreement, the government agrees not to file other informations pursuant to 21 U.S.C. § 851.

Defendant faces the following minimum mandatory and maximum penalties:

Count One: Pursuant to 21 U.S.C. §§ 841(b)(1)(A)(vii) and 846, Defendant faces a 20-year mandatory minimum term of incarceration, not to exceed life, a maximum fine of $8,000,000, a 10-year minimum term of supervised release, not to exceed life, a mandatory special assessment of $100, and drug forfeiture as alleged in the Third Superseding Indictment.

Counts Four, Five through Seven, and Eleven: Pursuant to 18 U.S.C. § 1956, Defendant faces a maximum 20-year term of incarceration; a maximum fine of $500,000 or twice the value of the property involved in the charged laundering transactions, whichever is greater; a 3-year term of supervised release; a mandatory special assessment of $100 per count, and money laundering forfeiture as alleged in the Third Superseding Indictment.

Counts Eight through Ten, and Seventeen: Pursuant to 18 U.S.C. § 1957, Defendant faces a maximum 10-year term of incarceration, a fine of $250,000 or twice the value of the property involved in the charged laundering transactions, whichever is greater, a 3-year term of supervised release, a mandatory special assessment of $100 per count, and money laundering forfeiture as alleged in the Third Superseding Indictment.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

Defendant hereby waives his right, pursuant to Fed. R. Crim. P. 11(b)(1)(H), to have the court at the Rule 11 hearing inform Defendant of, and determine that Defendant understands, any maximum possible penalty, including imprisonment, fine, and term of supervised release.

3.      Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the Government may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.   Sentencing Guidelines

The parties agree to take the following positions at sentencing under the United States Sentencing Guidelines:

The parties agree that 1,000 kilograms or more of marijuana were reasonably foreseeable to Defendant in the marijuana trafficking conspiracy charged in Count One, which results in a Base Offense Level of 32 under USSG § 2D1.1(c)(4).

The parties agree that, under USSG §2S1.1(a)(1), Defendant's Base Offense Level for the money laundering offenses is 32, and that USSG § 2S1.1(b)(2)(B) applies to Defendant, raising his Offense Level for the money laundering offenses to 34.

The parties agree that no adjustments pursuant to USSG 3B1.1 apply to Defendant.

The parties agree that Defendant is a Career Offender as defined in USSG § 4B1.1(a), and therefore, pursuant to USSG § 4B1.1(b)(A), Defendant's Criminal History Category is **VI** and his Offense Level is increased to **37**.

Subject to the conditions set forth below, Defendant is entitled to a 3-level reduction because of his prompt acceptance of responsibility. Accordingly, his Adjusted Offense Level is **34**.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; or

    (j)    Attempts to withdraw his guilty plea.

5.    <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)    Incarceration for a period of 240 months;

    (b)    No fine;

    (c)    Forfeiture as set forth in Paragraph 10;

    (e)    Mandatory special assessment of $1,000; and

    (f)    A term of supervised release in the range from 10 years to life.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a).

6.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has

an interest without prior express written consent of the U.S. Attorney, except for:

    (a)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Third Superseding Indictment are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete a sworn financial statement as described in Paragraph 10.

8.    **Waiver of Right to Appeal and to Bring Other Challenge**

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge his convictions in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his convictions in a future proceeding (such as, for example, in a collateral challenge pursuant to 28 U.S.C. §2255 or 28 U.S.C. §2241). Defendant waives any right he has to challenge his conviction on direct appeal or in any future proceeding.

    (b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to appeal their sentences and may sometimes challenge their sentences in future proceedings. Defendant understands, however, that once the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound by the parties' agreed-upon sentencing range. Defendant may not contest the agreed-upon sentencing range in an appeal or challenge the sentencing range in a future proceeding in federal court. Similarly, the Court has no authority to modify an agreed-upon sentencing range under 18 U.S.C. §3582(c), even if the Sentencing Guidelines are later modified in a way that appears favorable to Defendant. Likewise, Defendant agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that existed at the time of Defendant's original sentencing. Given that a defendant who agrees to a specific sentencing range cannot later challenge it, and also because Defendant desires to obtain the benefits of this Agreement, Defendant agrees that he will not challenge the sentence imposed in an appeal or other future proceeding. Defendant also agrees that he will not seek to challenge the sentence in an appeal or future proceeding even if the Court rejects one or more positions advocated by any party at sentencing.

    (c)    The U.S. Attorney agrees that he will not appeal the imposition by the Court

of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

9.  Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

10. Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following:

Drug Forfeiture Pursuant to 21 U.S.C. § 853

Any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following:

a.  A money judgment equal to the total amount of gross drug proceeds, estimated to be approximately $46,800,000.00, to the extent that the amount was foreseeable to Defendant. The parties agree that the amount foreseeable to Defendant was $10,000,000.

b.  The real property known as 57 and 59 Bloomfield Street, Dorchester, Suffolk County, Massachusetts, consisting of two parcels with all buildings and improvements thereon, title to which appears at Book 34895, pages 122-123, of the Suffolk County, Massachusetts, Registry of Deeds.

c.  The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York, consisting of two adjacent parcels with all buildings and improvements thereon, title to which appears in Liber 11088 of Deeds, page 7829, of the Erie County, New York, County Clerk.

d.  Property listed in First Forfeiture Bill of Particulars

1. Raven model MP25, .25 caliber pistol, serial number 1315306, and two (2) rounds of Winchester brand .25 caliber ammunition, seized at TJ's Convenience Store, 80 Welles Avenue, Dorchester, Massachusetts, on April 28, 2006, and identified by Defendant Quoc Boa Trinh on February 2, 2007, as belonging to him; and the following, all seized on February 2, 2007:

2. Rolex, 18K, Gents President Day Date Wristwatch, Model 18038, serial no. 8507656, seized from Defendant Tan Dinh Phung;

3. $1,500.00 in U.S. currency seized from 59 Bloomfield Street, Dorchester, Massachusetts;

4. $7,343.00 in U.S. currency seized from 59 Bloomfield Street, Dorchester, Massachusetts;

5. $35,532.00 in U.S. currency seized from 10 Wilcox Road, Dorchester, Massachusetts;

6. White 2002 Cadillac Deville, Vehicle Identification Number 1G6KD54Y72U168856, Massachusetts License Number 88MW79, registered in the name of Defendant Antwon Trinh;

7. Black 2002 Mercedes S500, Vehicle Identification Number WDBNG75J62A292213, unregistered but titled in the name of Defendant Anna Trinh;

8. Gray 2005 BMW X5, Vehicle Identification Number 5UXFA93585LE82047, Massachusetts License Number 89VR27, possessed and used by Defendant Tan Dinh Phung but registered in the name of Thai Van Nguyen;

9. Gray 2001 Acura 3.2 TL, Vehicle Identification Number 19UUA56631A001258, Massachusetts License Number 4782MA, possessed and used by Defendant Wylun J. Chao, but registered in the name of Elaine Lam;

10. Black 2000 Mercedes SL500, Vehicle Identification Number WDBFA68F1YF195469, Massachusetts License Number 4846XY, registered in the name of Defendant Tiem Trinh;

11. White 2003 Dodge Ram Van, Vehicle Identification Number 2D6WB11Y83K527702, Massachusetts License Number 55XX35, registered in the name of Defendant Tiem Trinh; and

12. Gray 1999 Mercedes ML430, Vehicle Identification Number 4JGAB72EXXA081704, Massachusetts License Number 81VJ61, registered in the name of Defendant Tiem Trinh.

e.   Property Listed in Second Forfeiture Bill of Particulars

1. Gents stainless steel Rolex wristwatch, oyster perpetual date-just, fluted bezel, jubilee bracelet, model 16234, s/n Y410910, seized from 59 Bloomfield Street, Dorchester,

Massachusetts, on February 2, 2007; and

    2. Custom-made platinum and diamond necklace, seized from 59 Bloomfield Street, Dorchester, Massachusetts, on February 2, 2007.

<u>Money Laundering Forfeiture Pursuant to 18 U.S.C. § 982(a)(1)</u>

Individually as to Defendant (Counts Four through Ten), and jointly and severally as to all defendants, including Defendant, charged in Counts Eleven through Twenty-Two, all property, real and personal involved in such offenses, and all property traceable to such property. The property to be forfeited includes, without limitation, the following:

    a.    A money judgment in the total amount involved in the laundering transactions.

    b.    A 2003 Cadillac Escalade, VIN 1GYEK63N73R286773.

    c.    The real property known as 57 and 59 Bloomfield Street, Dorchester, Suffolk County, Massachusetts, consisting of two parcels with all buildings and improvements thereon, title to which appears at Book 34895, pages 122-123, of the Suffolk County, Massachusetts, Registry of Deeds.

    d.    The real property known as 15319 Pebble Ridge Street, Winter Garden, Florida, consisting of Lot 44, Block 2, Stoneybrook West, as per plat thereof, recorded in Plat Book 44, Page 134 through 138, inclusive, of the Public Records of Orange County, Florida, with all buildings and improvements thereon, title to which appeared at Book 07439, Page 4214, of the Public Records of Orange County, Florida.

    e.    The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York, consisting of two adjacent parcels with all buildings and improvements thereon, title to which appears in Liber 11088 of Deeds, page 7829, of the Erie County, New York, County Clerk.

    f.    The real property known as 3796 Eagle Hammock Drive, Sarasota, Florida, consisting of Lot 2613, Hammocks Unit Two, as per plat plan thereof, recorded in Plat Book 43, Page 38, of the Public Records of Sarasota County, Florida, title to which appears in Instrument No. 2005233639 of the Public Records of Sarasota County, Florida.

    g.    All contents of the following accounts at Bank of America:
        (i)    Account No. 0094-8514-6569
        (ii)    Account No. 0000-2379-3974
        (iii)    Account No. 0055-0817-4527
        (iv)    Account No. 0095-1870-6236
        (v)    Account No. 0055-0678-7288

    h.    All contents of the following accounts at Citizens Bank:

      (i)      Account No. 1166-952979
      (ii)     Account No. 1135-610441
      (iii)    Account No. 1137-781839

In addition to consenting to the forfeiture to the United States of all of the assets listed above, admitting his liability for a forfeiture money judgment in the amount of $10,000,000, and agreeing that the government, in its discretion, may seek such a money judgment against him of up to that amount as part of his sentence in this case, Defendant also admits, in particular, that the following assets are subject to forfeiture on the grounds that they constitute property constituting or derived from any proceeds obtained directly or indirectly as a result of the drug trafficking conspiracy offense charged in Count One and/or property involved in the money laundering offenses charged in Counts Five through Eleven, and Seventeen:

    b.    A 2003 Cadillac Escalade, VIN 1GYEK63N73R286773 (the "Escalade");

    f.    The real property known as 3796 Eagle Hammock Drive, Sarasota, Florida, consisting of Lot 2613, Hammocks Unit Two, as per plat plan thereof, recorded in Plat Book 43, Page 38, of the Public Records of Sarasota County, Florida, title to which appears in Instrument No. 2005233639 of the Public Records of Sarasota County, Florida (the "Eagle Hammock Property"); and

    g.    All contents of the following accounts at Bank of America ( collectively, the "Accounts"):
      (iii)    Account No. 0055-0817-4527
      (iv)    Account No. 0095-1870-6236
      (v)     Account No. 0055-0678-7288

Defendant consents to the forfeiture to the United States of all of Defendant's interests in all of the assets listed in this Forfeiture section of this Agreement. Without limitation, he specifically consents to the forfeiture to the United States of the Escalade, which he admits he transferred to another person for no consideration on or about February 5, 2007, after learning of the arrests of members of his family in this case; the Eagle Hammock Property; and the Accounts. As to all of the assets listed in this Forfeiture section of this Agreement, Defendant hereby waives and releases any claim that he made, or could have made, to the assets, and agrees not to contest their forfeiture to the United States either directly or indirectly. The forfeitures may be carried out criminally, civilly, or administratively in the U.S. Attorney's discretion.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney, the U.S. Marshals Service, or the U.S. Drug Enforcement Administration, to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title

documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the U.S. Attorney to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the Third Superseding Indictment.

Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from January 2001 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

Defendant consents to the entry of orders of forfeiture for all property identified herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), during the change of plea proceeding.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases any claim he made or could have made, and any claim made on his behalf, to the 2003 Cadillac Escalade, VIN 1GYEK63N73R286773, seized by the U.S. Marshals Service on or about June 4, 2008.

11.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets, and to provide a copy of all such information to the U.S. Attorney's Office.

12.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13.  Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

14.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that,

should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Richard L. Hoffman.

Very truly yours,

MICHAEL K. LOUCKS
Acting United States Attorney

By: _____
JAMES F. LANG
Acting Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Tai Trinh
Defendant

Date: 10/15/09

I certify that Tai Trinh has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Howard M. Cooper, Esq.
Attorney for Defendant

Date: 10/15/09

13