UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 07-CR-10048-WGY |
| ) | |
| 12.   TAI TRINH, ) | |
| ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE -- SPECIFIC PROPERTY**

**YOUNG, D.J.,**

WHEREAS, on May 8, 2008, a federal grand jury sitting in this District returned a Third Superseding Indictment (the "Indictment") charging Defendant Tai Trinh ("Defendant") as follows: Count One (21 U.S.C. § 846 - Conspiracy To Distribute and Possess with Intent to Distribute Marijuana); Counts Four and Eleven (18 U.S.C. § 1956(h) - Money Laundering Conspiracy); Counts Five through Seven (18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering); and Counts Eight through Ten and Seventeen (18 U.S.C. § 1957 - Unlawful Monetary Transactions);

WHEREAS, the Indictment contained a Drug Forfeiture Allegation, charging that upon conviction of the offense charged in Count One, the defendants, including Defendant:

> jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following::

    a.    A money judgment equal to the total amount of gross drug proceeds, estimated to be approximately $46,800,000.00.

    b.    The real property known as 57 and 59 Bloomfield Street, Dorchester, Suffolk County, Massachusetts, consisting of two parcels with all buildings and improvements thereon, title to which appears at Book 34895, pages 122-123, of the Suffolk County, Massachusetts, Registry of Deeds [the "59 Bloomfield Street Property"].

    c.    The real properties known as 262 Bryant Street and 427 Elmwood Avenue,

Buffalo, New York, consisting of two adjacent parcels with all buildings and improvements thereon, title to which appears in Liber 11088 of Deeds, page 7829, of the Erie County, New York, County Clerk;

WHEREAS, the Drug Forfeiture Allegation charged that if any of the property described as forfeitable, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred to, sold to, or deposited with a third party;
c. has been placed beyond the jurisdiction of this Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), intended to seek forfeiture of all other property of the defendants up to the value of the forfeitable property;

WHEREAS, the Indictment also contained a Money Laundering Forfeiture Allegation, charging, in pertinent part, that upon conviction of the charged money laundering conspiracy, substantive money laundering, and unlawful monetary transaction offenses, the defendants convicted of those offenses:

individually as to TAI TRINH (Counts Four through Ten), and jointly and severally as to all five defendants (Counts Eleven through Twenty-Two), shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal involved in such offenses, and all property traceable to such property. The property to be forfeited includes, without limitation, the following:

a. A money judgment in the total amount involved in the laundering transactions.

b. A 2003 Cadillac Escalade, VIN 1GYEK63N73R286773 [the "Escalade"].

c. The real property known as 57 and 59 Bloomfield Street, Dorchester, Suffolk County, Massachusetts, consisting of two parcels with all buildings and improvements thereon, title to which appears at Book 34895, pages 122-123, of the Suffolk County, Massachusetts, Registry of Deeds.

d. The real property known as 15319 Pebble Ridge Street, Winter Garden, Florida,

consisting of Lot 44, Block 2, Stoneybrook West, as per plat thereof, recorded in Plat Book 44, Page 134 through 138, inclusive, of the Public Records of Orange County, Florida, with all buildings and improvements thereon, title to which appeared at Book 07439, Page 4214, of the Public Records of Orange County, Florida [the "Winter Garden Property"].

  e. The real properties known as 262 Bryant Street and 427 Elmwood Avenue, Buffalo, New York, consisting of two adjacent parcels with all buildings and improvements thereon, title to which appears in Liber 11088 of Deeds, page 7829, of the Erie County, New York, County Clerk.

  f. The real property known as 3796 Eagle Hammock Drive, Sarasota, Florida, consisting of Lot 2613, Hammocks Unit Two, as per plat plan thereof, recorded in Plat Book 43, Page 38, of the Public Records of Sarasota County, Florida, title to which appears in Instrument No. 2005233639 of the Public Records of Sarasota County, Florida [the "Sarasota Property"].

  g. All contents of the following accounts at Bank of America:
    (i) Account No. 0094-8514-6569
    (ii) Account No. 0000-2379-3974
    (iii) Account No. 0055-0817-4527
    (iv) Account No. 0095-1870-6236
    (v) Account No. 0055-0678-7288

  h. All contents of the following accounts at Citizens Bank:
    (i) Account No. 1166-952979
    (ii) Account No. 1135-610441
    (iii) Account No. 1137-781839;

WHEREAS, the Money Laundering Forfeiture Allegation also provided that if any of the property described as forfeitable, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred to, sold to, or deposited with a third party;
  c. has been placed beyond the jurisdiction of this Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), intended to seek forfeiture of all other property of the defendants up to the value of the forfeitable property;

WHEREAS, in addition to specifying certain forfeitable property in the Indictment, the

United States also filed two forfeiture bills of particulars in this case, specifying additional property that would be subject to forfeiture upon defendants' convictions;

WHEREAS, on October 26, 2009, Defendant pled guilty to all of the charges against him in the Indictment, tendering his guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) and a written plea agreement, in which Defendant agreed to forfeit "any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1) as a result of his guilty plea," including, without limitation, all assets identified as forfeitable in the Indictment's Drug Forfeiture Allegation and Money Laundering Forfeiture Allegation and all assets identified in the two forfeiture bills of particulars;

WHEREAS, the Court found a sufficient factual basis for Defendant's plea, and that Defendant was pleading knowingly, intentionally, and voluntarily, but because the plea was tendered under Rule 11(c)(1)(C), the Court deferred acceptance of Defendant's plea pending review of the Pre-Sentence Report;

WHEREAS, the United States has moved for entry of a preliminary order of forfeiture as to the Escalade, the 59 Bloomfield Street Property, and the small amount of money restrained by order of the Court in Defendant's Bank of America Account No. 0095-1870-6236, and has provided a sufficient legal and factual basis for direct forfeiture of these assets;

WHEREAS, the United States in this case also qualifies for an order forfeiting substitute assets because, due to acts and omissions of Defendant and his co-conspirator defendants, including their having spent and/or transferred the original drug proceeds to purchase, among other things, new supplies of marijuana, expensive jewelry, luxury homes in Florida (one of which was subsequently sold to a third party, and the other of which apparently has no current value), and

numerous vehicles, the original gross drug proceeds are no longer available for forfeiture, and the government, despite diligent efforts, has not been able to locate most of the gross proceeds of the marijuana trafficking conspiracy;

WHEREAS, in light of this Court's acceptance of Defendant's guilty plea, convicting him on Counts One, Four through Eleven, and Seventeen of the Indictment, the United States is now entitled to the requested order forfeiting the listed assets;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  The Court finds, pursuant to Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure, that the government has established the required connections between the assets sought to be forfeited directly and the offenses of which the Defendant has been convicted, and that the government has also satisfied 21 U.S.C. § 853(p) and therefore established its entitlement to forfeiture of substitute assets. Accordingly, the following property (collectively, the "Forfeited Property") is hereby forfeited to the United States of America pursuant to 21 U.S.C. §§ 853(a) and (p), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c):

    A.  2003 Cadillac Escalade, VIN 1GYEK63N73R286773;

    B.  The real property located at 59 Bloomfield Street, Dorchester (a section of Boston), Suffolk County, Massachusetts, consisting of two parcels with all buildings and improvements thereon and all rights appertaining thereto, including, but not limited to, a two-family home bearing the addresses "57" and "59" Bloomfield Street, title to which appears at Book 34895, pages 122-123, of the Suffolk County, Massachusetts, Registry of Deeds;

    C.  $133.26 in U.S. funds, now or formerly held in Bank of America Account No.

0095-1870-6236, in the name of Tai Tuan Trinh.

2.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Forfeited Property and maintain it in its secure custody and control.

3.  Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6), incorporating Supplemental Rule G(4) of the Federal Rules of Civil Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government website www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the Forfeited Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Forfeited Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4.  Pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b)(6), the United States shall give, to the extent practicable, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the Forfeited Property.

5.  Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Property, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Forfeited Property; (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Forfeited

Property, any additional facts supporting the petitioner's claim, and the relief sought; and (c) that the petitioner shall serve a copy of the petition upon counsel for the United States.

6. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Forfeited Property.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this preliminary Order of Forfeiture will become final as to Defendant at the time of his sentencing, will be part of Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Date: _____

_____
WILLIAM G. YOUNG
United States District Judge